

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1403<br><br>Judge James B. Moran **FILED**<br><br>NOV **2 8** 2006<br>Nov 28, 2006<br>Judge James B. Moran<br>United States District Court |
| This Document Relates To: | |
| MARVIN KRAMER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4928<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-0197-MJM (N.D. Iowa)) |
| MITCHELL CORBIN, CLAUDE CORBIN, CORBIN FARMS LLC and CLINT KILLIN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4928<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-4052-CV-C-5 (N.D. Iowa)) |

## MOTION FOR ENTRY OF FINAL
## SETTLEMENT DISTRIBUTION ORDER

| | |
|---|---|
| CHARLES DUPRAZ, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                 Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                 Defendant. | 1:01 CV 6414<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-4070 (D.S.D.)) |
| WILLIAM FURLONG, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                 Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                 Defendant. | 1:01 CV 4929<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-0017-MJM (N.D. Iowa)) |
| JEMAR, INC., a Nebraska Corporation, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                 Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                 Defendant. | 1:01 CV 6413<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 8:01CV138 (D. Neb.)) |
| MARVIN LUIKEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                 Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                 Defendant. | 1:01 CV 6406<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-00227-MJM (N.D. Iowa)) |

| | |
|---|---|
| KEITH MUDD, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>Defendants. | 1:01 CV 7185<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-0196-CV-W-2 (W.D.Mo.)) |
| EDWARD OLSEN and GERALD GREIGER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6412<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: A1-01-32 (D. N.D.)) |
| VERLON PONTO, JON UNTIEDT, and DAVID CHRISTOFFER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6410<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CX-01-50 (D. Minn.)) |
| ALAN ROEBKE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4930<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CV-01-428-RHK/JMM (D. Minn.)) |

| | |
|---|---|
| MICA SCHNOEBELEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6407<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-1059-WEB (D. Kan.)) |
| JOSEPH and ARDENE WIRTS, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 2221<br>Judge Moran |
| GORDON STINE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>Defendants. | 1:01 CV 7184<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 3:01-106-DRH (S.D. Ill.)) |
| DON SUTTER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 7183<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 4-01-CV-80128 (S.D. Iowa)) |

BARTT MCCORMACK d/b/a BUFORD STATION
FARMS, Individually and on behalf of all other
individuals and entities similarly situated,

Plaintiff,

- against –

AVENTIS CROPSCIENCE USA HOLDING, INC.,

Defendant.

1:01 CV 8286
Judge Moran

Transferred Via MDL No. 1403

(Original Case No: 101 0083 (M.D.
Tenn.))

## MOTION FOR ENTRY OF FINAL
## SETTLEMENT DISTRIBUTION ORDER

Class Counsel respectfully moves the Court for the entry of the Final Settlement
Distribution Order, in the form of the [Proposed] Final Settlement Distribution Order,
appended as Exhibit A hereto. In support of their motion, Class Counsel states as
follows:

**1.** On January 29, 2003, the parties to the above-captioned class action (the
"Action") settled this action pursuant to the terms and conditions of the Stipulation of
Settlement, of even date, (the "Stipulation"), on behalf of all persons and entities who
operated farms in the United States from which corn grown for grain that was not grown
from StarLink™ corn seed ("Non-StarLink Corn") was harvested since 1998 ("Non-
StarLink Farmers"), including each of his, her, its, and their representatives, assigns, and
any other persons or entities with a contractual, sharing, ownership, or other legal interest
in a Non-StarLink Farmer's corn harvest (the "Class").[1]

---

[1]   Excluded from the Class were StarLink Logistics Inc. ("SLLI,") Advanta USA, Inc.
("Advanta"), and any of their respective past, present, or future parents, subsidiaries,
predecessors, successors, partners, assigns, insurers, and affiliates, and each of their
(continued...)

2.     On April 7, 2003, the Court held a hearing on the fairness of the terms and conditions of the Settlement, at which time all Class members were provided with an opportunity to be heard.

3.     Following that hearing, the Court, in its Final Order and Judgment of even date, the Court approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable, and adequate to the Class and its members and that the notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process.

4.     In conjunction with the final approval of the Settlement, the Court reserved jurisdiction, without affecting the finality of the Final Judgment, over: **(a)** implementation of the Settlement and any award or distribution of the Gross and Net Settlement Funds, including interest earned or accrued thereon; **(b)** disposition of the Gross Settlement Fund and Net Settlement Fund to effectuate and enforce the provisions of the Settlement Agreement, including the administration of the Settlement and distribution of the proceeds of the Settlement (the "Settlement Fund") to eligible Class members ("Claimants") including, but not limited to, authority to approve final distribution of the Settlement Fund.

_____

(...continued)

respective past, present, or future partners, officers, directors, or assigns, and the members of the immediate families, heirs, estates, executors, and legal representatives of any of the past, present, or future partners, officers, directors, or assigns of SLLI and/or Advanta, and their respective past, present, or future parents, subsidiaries, predecessors, successors, partners, assigns, insurers, and affiliates; any governmental entity; and all plaintiffs in lawsuits arising out of or relating to StarLink corn or Cry9C that were not brought as purported class actions that were pending as of January 29, 2003.

2

5. Subsequent to the Court's final approval of the Settlement, Plaintiffs' counsel ("Class Counsel") and their Court-approved professional claims administrator, The Garden City Group, Inc. ("GCG"), undertook and completed all steps required for the administration, review, processing, and validation of claims set forth in the Stipulation, and calculated, pursuant to the terms of the plan of allocation set forth in the Settlement Agreement and approved by the Court, the number of valid and complete Proofs of Claim forms submitted, and devised a method for determining the amount to be paid to each Authorized Corn Loss Claimant and each Authorized Property Damage Claimant from the Net Settlement Fund.

6. Class Counsel and GCG reported to the Court in Class Counsel's Declaration in Support of Entry of the Settlement Distribution Order, dated August 23, 2004, and the Affidavit of Patrick M. Passarella of GCG (the "Passarella Affidavit"), dated August 23, 2004, on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection.

7. On or about that date Class Counsel also applied to the Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation. Specifically, Class Counsel applied to the Court for approval of the payment to GCG from the Settlement Fund of its fees and expenses for settlement administration, as provided in paragraph 18 of the Stipulation, as well as for approval of the payment to Class Counsel from the Settlement Fund of their fees and reimbursement of their

3

expenses incurred in connection with the final approval, supervision, and administration of the Settlement, as provided in paragraph 31 of the Stipulation.

 **8.** On September 2, 2004, the Court entered the Settlement Distribution Order, granting the above-described relief and enabling Class Counsel to commence the settlement distribution process.

 **9.** In compliance with the Settlement Distribution Order, between October 28, 2004 and November 3, 2004, Class Counsel effected the distribution of 72,226 Prepaid Visa Direct Cards to eligible Settlement Class claimants, with an aggregate value of $74,696,982.47.

 **10.** As of late May, 2005, there were 6,194 Settlement Class claimants who had received, but who had not yet activated their Prepaid Visa Direct Cards, leaving an aggregate balance on those non-activated cards of $4,169,006. At that time, there were also 34,042 Settlement Class claimants who had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, leaving an aggregate balance on those activated cards of $13,442,671.

 **11.** As of late May, 2005, there were also 8,888 Settlement Class members who had activated their Prepaid Visa Direct Cards, who used some of the funds on those cards, and who had card balances of less than $10.00. The aggregate value of the funds remaining on those 8,888 cards was $21,256 – or approximately $2.39 per card.

 **12.** On June 6, 2005, Class Counsel moved the Court for leave to disseminate a reminder letter to the above-referenced claimants with regard to the October 2005 expiration of the Prepaid Visa Direct Cards.

4

**13.** On June 9, 2005, the Court entered an Order authorizing Class Counsel to withdraw $51,448 from the Settlement Fund for the purpose of having GCG disseminate a reminder letter to those members of the Settlement Class, who, as of the date of that Order: **(a)** had received, but had not yet activated, their Prepaid Visa Direct Cards; or **(b)** had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, and to provide necessary technical and customer support services in connection therewith. In compliance with the Court's June 9, 2005 Order, on or about June 22, 2005, GCG mailed 40,236 reminder letters to the above-described claimants.

**14.** As a result of Class Counsel's ongoing settlement administration efforts – including the dissemination of the Court-Ordered reminder letter – between June 22, 2005, the date upon which the reminder letter was sent, and October 31, 2005, the extended deadline date for the Prepaid Visa Direct Card program, the aggregate outstanding balances on those cards dropped from $17,611,677 to $1,265,085.23.

**15.** In light of the conclusion of the initial settlement distribution process in this action, Class Counsel then moved the Court for the entry of an Order approving the claims administration processing procedures undertaken by GCG from August 24, 2004 to the present; approving the determinations and calculations made by GCG and approved by Class Counsel with respect to the completion of the initial claims distribution process; approving the secondary distribution of the Net Settlement Fund to eligible claiming Class Members; and approving the payment of all currently outstanding administrative fees and expenses of GCG and the fees and expenses of Class Counsel incurred for services rendered in conjunction with the final approval, supervision, and

5

administration of the Settlement (including tax payments) from September 1, 2004 through April 26, 2006.

**16.** On July 6, 2006, the Court entered the Amended Secondary Settlement Distribution Order (the "Secondary Settlement Distribution Order"), in the form appended as Exhibit F to the Declaration of Class Counsel in Support of Entry of Final Distribution Order, submitted herewith (the "Class Counsel Declaration"). By the Secondary Settlement Distribution Order, the Court, in pertinent part, found:

    **(a)** that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Claimants fully complied with the notice and administration provisions and the plan of allocation set forth in the Stipulation and as approved by the Court;

    **(b)** that, to date, Class Counsel fully and properly discharged their duties and responsibilities with respect to the administration, implementation, and oversight of the Settlement;

    **(c)** that the Secondary Distribution plan proposed by Class Counsel was in the best interests of the Settlement claimants and was to be implemented in full, including: (i) the payment, by check, to each eligible claimant with a Prepaid Visa Direct Card with an October 2005 expiration date and a card balance in excess of $50.00, that entire card balance – less a 25% reduction in each eligible claimant's outstanding claim balance to cover administrative fees and expenses incurred in the administration of the Settlement of this action. No claimant with a Prepaid Visa Direct Card of less than $50.00 shall be eligible to participate in the

6

Secondary Distribution; and (ii) the payment, by check, to each eligible claimant with a Prepaid Visa Direct Card with an October 2006 expiration date and a positive card balance, that entire card balance.

(d)     that Class Counsel, together with GCG, was to continue their administration of the Settlement pursuant to the Stipulation, the Final Order and Judgment, the Settlement Distribution Order, and the Secondary Distribution Order;

(e)     that Class Counsel was to retain the balance of any undistributed funds in the Net Settlement Fund, the proceeds of any returned or uncashed checks or any tax refunds that may be obtained, and any interest thereon, in an account or fund as provided in the Settlement Agreement until distribution is authorized pursuant to Paragraph 9 of the Secondary Distribution Order;

(f)     that GCG's then-current request for payment of its fees and expenses incurred from September 1, 2004 to April 26, 2006 in connection with the administration of this Settlement in the amount of $206,987.49 and GCG's request for payment of fees and expenses to be incurred in connection with the Secondary Distribution, in the amount of $19,937.40 is in accord with paragraph 18 of the Stipulation was approved and Class Counsel was directed to pay such amount to GCG from the Net Settlement Fund;

(g)     that Class Counsel's then-current request for payment of their fees of $144,164.50 and expenses of $6,083.01 incurred in connection with the final approval, supervision, and administration of the Settlement from September 2, 2004 to April 26, 2006, was in accord with Paragraph 31 of the Stipulation and

7

Paragraph 12 of the Settlement Distribution Order and was thus approved. Class Counsel was directed to pay such amounts to themselves from the Net Settlement Fund;

**(h)** that Class Counsel or GCG may request reimbursement from the Court of any additional fees or expenses incurred between April 26, 2006, and completion of the settlement administration, provided that payment for any such request shall be limited to amounts available from any remaining uncashed or returned checks, or tax refund(s) obtained (and interest thereon);

**(i)** that six months after the dissemination of checks in the Secondary Distribution to eligible claimants, as defined above, and after appropriate efforts have been made to have those eligible claimants cash their checks, Class Counsel was directed, after payment of any unpaid costs or fees incurred in administering the Settlement Fund that are approved pursuant to the Secondary Distribution Order, to notify the Court of the amount of any remaining funds and propose a method of distributing those remaining funds – whether in the form of a *cy pres* distribution or otherwise, as ordered by the Court;

**(j)** that all persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Settlement Fund, were released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Settlement Fund were barred from making any further claim against the

8

Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

    **(k)**    that the Secondary Distribution Order was final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk was hereby directed to enter judgment thereon.; and

    **(l)**    that the Court reserved jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Order and Judgment.

    **17.**    The information Class Counsel provided to the Court in conjunction with their Motion for Entry of Secondary Settlement Distribution Order was based, in pertinent part, on information provided to Class Counsel by JP Morgan Chase & Co. ("Chase"), the bank previously approved by the Court to be retained to implement the Prepaid Visa Direct Card program in conjunction with the distribution of the settlement proceeds of this action to the eligible claimants.

    **18.**    Following the Court's entry of the Secondary Settlement Distribution Order, Class Counsel, with the assistance of the GCG – the Court appointed settlement administrator in this litigation – undertook all of the steps required by the Secondary Settlement Distribution Order.

    **19.**    There is presently $188,652.59 remaining in the Net Settlement Fund.

    **20.**    The proposed Final Distribution Order seeks to equitably dispose of those remaining funds in the manner set forth in the proposed Final Distribution Order appended hereto (*see* Exhibit A). In summary, the Final Distribution Order provides, *inter alia*, for: **(a)** approval of the claims administration processing procedures

9

undertaken by GCG from April 26, 2006 to the present; **(b)** the final distribution of the proceeds of the Net Settlement Fund obtained in the Action to the nine late-filing claimants set forth in Exhibit A to the "Class Counsel Declaration," filed contemporaneously herewith, less a 25% reduction in each of those claimants' outstanding claim balances to cover administrative fees and expenses incurred in the administration of the Settlement of this action; **(c)** the payment of the *cy pres* distributions described in Paragraph Five (5) of the Class Counsel Declaration; and **(d)** the payment of all currently outstanding administrative fees and expenses of Class Counsel incurred for services rendered in connection with the final approval, supervision, and administration of the Settlement (including tax payments) from April 26, 2006 through the present.

21.     Defendants have no objection to this motion.

**WHEREFORE**, for all of the foregoing reasons, Class Counsel respectfully requests that the Court enter the Final Settlement Distribution Order in the form appended as Exhibit A hereto and for such other and further relief as the Court deems appropriate.

**Dated:** November 28, 2006

> **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
>
> By: _____
>
> Adam J. Levitt
> 55 West Monroe Street, Suite 1111
> Chicago, Illinois 60603
> Tel: (312) 984-0000
> Fax: (312) 984-0001
>
> *Farmer Plaintiffs' Liaison Counsel*

10

Herbert E. Milstein
Richard S. Lewis
Victoria S. Nugent
**COHEN MILSTEIN, HAUSFELD**
**& TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Melvyn I. Weiss
**MILBERG WEISS BERSHAD**
**& SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

Stephen A. Weiss
Diogenes P. Kekatos
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
Tel: (212) 584-0700
Fax: (212) 584-0799

Daniel W. Krasner
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

***Farmer Plaintiffs' Co-Lead Counsel***

10272

**A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1403 |
| | Judge James B. Moran |
| This Document Relates To: | |
| MARVIN KRAMER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4928<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-0197-MJM (N.D. Iowa)) |
| MITCHELL CORBIN, CLAUDE CORBIN, CORBIN FARMS LLC and CLINT KILLIN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4928<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-4052-CV-C-5 (N.D. Iowa)) |

**[PROPOSED] FINAL SETTLEMENT DISTRIBUTION ORDER**

| | |
|---|---|
| CHARLES DUPRAZ, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br> - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6414<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-4070 (D.S.D.)) |
| WILLIAM FURLONG, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br> - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4929<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-0017-MJM (N.D. Iowa)) |
| JEMAR, INC., a Nebraska Corporation, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br> - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6413<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 8:01CV138 (D. Neb.)) |
| MARVIN LUIKEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br> - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6406<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-00227-MJM (N.D. Iowa)) |

| | |
|---|---|
| KEITH MUDD, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                  Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>                  Defendants. | 1:01 CV 7185<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-0196-CV-W-2 (W.D.Mo.)) |
| EDWARD OLSEN and GERALD GREIGER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                  Plaintiffs,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                  Defendant. | 1:01 CV 6412<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: A1-01-32 (D. N.D.)) |
| VERLON PONTO, JON UNTIEDT, and DAVID CHRISTOFFER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                  Plaintiffs,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                  Defendant. | 1:01 CV 6410<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CX-01-50 (D. Minn.)) |
| ALAN ROEBKE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>                  Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>                  Defendant. | 1:01 CV 4930<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CV-01-428-RHK/JMM (D. Minn.)) |

| | |
|---|---|
| MICA SCHNOEBELEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>        Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>        Defendant. | 1:01 CV 6407<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-1059-WEB (D. Kan.)) |
| JOSEPH and ARDENE WIRTS, Individually and on behalf of all other individuals and entities similarly situated,<br><br>        Plaintiffs,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>        Defendant. | 1:01 CV 2221<br>Judge Moran |
| GORDON STINE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>        Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>        Defendants. | 1:01 CV 7184<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 3:01-106-DRH (S.D. Ill.)) |
| DON SUTTER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>        Plaintiff,<br><br>  - against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>        Defendant. | 1:01 CV 7183<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 4-01-CV-80128 (S.D. Iowa)) |

<table>
<tr><td>

BARTT MCCORMACK d/b/a BUFORD STATION FARMS, Individually and on behalf of all other individuals and entities similarly situated,

                Plaintiff,

- against –

AVENTIS CROPSCIENCE USA HOLDING, INC.,

                Defendant.

</td><td>

1:01 CV 8286
Judge Moran

Transferred Via MDL No. 1403

(Original Case No: 101 0083 (M.D. Tenn.))

</td></tr>
</table>

## [PROPOSED] FINAL SETTLEMENT DISTRIBUTION ORDER

**WHEREAS**, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the Stipulation of Settlement, dated January 29, 2003 (the "Stipulation"), on behalf of all persons and entities who operated farms in the United States from which corn grown for grain that was not grown from StarLink™ corn seed ("Non-StarLink Corn") was harvested since 1998 ("Non-StarLink Farmers"), including each of his, her, its, and their representatives, assigns, and any other persons or entities with a contractual, sharing, ownership, or other legal interest in a Non-StarLink Farmer's corn harvest (the "Class")[1];

---

[1] Excluded from the Class were StarLink Logistics Inc. ("SLLI,") Advanta USA, Inc. ("Advanta"), and any of their respective past, present, or future parents, subsidiaries, predecessors, successors, partners, assigns, insurers, and affiliates, and each of their respective past, present, or future partners, officers, directors, or assigns, and the members of the immediate families, heirs, estates, executors, and legal representatives of any of the past, present, or future partners, officers, directors, or assigns of SLLI and/or Advanta, and their respective past, present, or future parents, subsidiaries, predecessors, successors, partners, assigns, insurers, and affiliates; any governmental entity; and all plaintiffs in lawsuits arising out of or relating to StarLink corn or Cry9C that were not brought as purported class actions that were pending as of January 29, 2003.

**WHEREAS**, the Court held a hearing on the fairness of the terms and conditions of the Settlement on April 7, 2003, at which time all Class members were provided with an opportunity to be heard;

**WHEREAS**, in its Final Order and Judgment, the Court approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable, and adequate to the Class and its members and that the notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process;

**WHEREAS**, the Court reserved jurisdiction, without affecting the finality of the Final Judgment, over: **(a)** implementation of the Settlement and any award or distribution of the Gross and Net Settlement Funds, including interest earned or accrued thereon; **(b)** disposition of the Gross Settlement Fund and Net Settlement Fund to effectuate and enforce the provisions of the Settlement Agreement, including the administration of the Settlement and distribution of the proceeds of the Settlement (the "Settlement Fund") to eligible Class members ("Claimants") including, but not limited to, authority to approve final distribution of the Settlement Fund;

**WHEREAS**, plaintiffs' counsel ("Class Counsel") and their Court-approved professional claims administrator, The Garden City Group, Inc. ("GCG"), have now completed all steps required for the administration, review, processing, and validation of claims set forth in the Stipulation, and have calculated, pursuant to the terms of the plan of allocation set forth in the Settlement Agreement and approved by the Court, the number of valid and complete Proofs of Claim forms submitted, and have devised a method for determining the amount to be paid to each Authorized Corn Loss Claimant and each Authorized Property Damage Claimant from the Net Settlement Fund;

2

**WHEREAS**, Class Counsel and GCG have reported to the Court in Class Counsel's Declaration in Support of Entry of the Settlement Distribution Order, dated August 23, 2004, and the Affidavit of Patrick M. Passarella of GCG (the "Passarella Affidavit"), dated August 23, 2004, on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection;

**WHEREAS**, Class Counsel have applied to the Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation;

**WHEREAS**, Class Counsel have applied to the Court for approval of the payment to GCG from the Settlement Fund of its fees and expenses for settlement administration as provided in paragraph 18 of the Stipulation;

**WHEREAS**, Class Counsel have applied to the Court for approval of the payment to Class Counsel from the Settlement Fund of their fees and reimbursement of their expenses incurred in connection with the final approval, supervision, and administration of the Settlement, as provided in paragraph 31 of the Stipulation;

**WHEREAS**, on September 2, 2004, the Court entered the Settlement Distribution Order;

**WHEREAS**, in compliance with the Settlement Distribution Order, between October 28, 2004 and November 3, 2004, Class Counsel effected the distribution of 72,226 Prepaid Visa Direct Cards to eligible Settlement Class claimants, with an aggregate value of $74,696,982.47;

3

**WHEREAS**, as of late May, 2005, there were 6,194 Settlement Class claimants who had received, but who had not yet activated their Prepaid Visa Direct Cards, leaving an aggregate balance on those non-activated cards of $4,169,006. At that time, there were also 34,042 Settlement Class claimants who had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, leaving an aggregate balance on those activated cards of $13,442,671. Moreover, as of late May, 2005, there were also 8,888 Settlement Class members who had activated their Prepaid Visa Direct Cards, who used some of the funds on those cards, and who had card balances of less than $10.00. The aggregate value of the funds remaining on those 8,888 cards was $21,256 – or approximately $2.39 per card;

**WHEREAS**, on June 6, 2005, Class Counsel moved the Court for leave to disseminate a reminder letter to the above-referenced claimants with regard to the October 2005 expiration of the Prepaid Visa Direct Cards;

**WHEREAS**, on June 9, 2005, the Court entered an Order authorizing Class Counsel to withdraw $51,448 from the Settlement Fund for the purpose of having GCG disseminate a reminder letter to those members of the Settlement Class, who, as of the date of that Order: **(a)** had received, but had not yet activated, their Prepaid Visa Direct Cards; or **(b)** had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, and to provide necessary technical and customer support services in connection therewith;

**WHEREAS**, in compliance with the Court's June 9, 2005 Order, on or about June 22, 2005, GCG mailed 40,236 reminder letters to the above-described claimants;

4

**WHEREAS**, as a result of Class Counsel's ongoing settlement administration efforts – including the dissemination of the Court-Ordered reminder letter – between June 22, 2005, the date upon which the reminder letter was sent, and October 31, 2005, the extended deadline date for the Prepaid Visa Direct Card program, the aggregate outstanding balances on those cards dropped from $17,611,677 to $1,265,085.23;

**WHEREAS**, in light of the conclusion of the initial settlement distribution process in this action, Class Counsel moved the Court for the entry of a Secondary Settlement Distribution Order approving the claims administration processing procedures undertaken by GCG from August 24, 2004 to the entry of said Order; approving the determinations and calculations made by GCG and approved by Class Counsel with respect to the completion of the initial claims distribution process; approving the secondary distribution of the Net Settlement Fund to eligible claiming Class Members as set forth below; and approving the payment of all currently outstanding administrative fees and expenses of GCG and the fees and expenses of Class Counsel incurred for services rendered in conjunction with the final approval, supervision, and administration of the Settlement (including tax payments) from September 1, 2004 through the Secondary Distribution;

**WHEREAS**, on July 6, 2006, the Court entered an Amended Secondary Settlement Distribution Order, in the form appended as Exhibit F to the Declaration of Class Counsel in Support of Entry of Secondary Settlement Distribution Order (the "Class Counsel Declaration:"), filed contemporaneously herewith;

**WHEREAS**, on July 21, 2006, GCG, at Class Counsel's direction and in compliance with the Secondary Distribution Order, mailed a total of 2,786 checks,

5

totaling $837,204.29, to claimants who had balances remaining on their Prepaid Visa Direct Cards in excess of $50.00. At the conclusion of the secondary distribution program, there were 24 undeliverable checks, with an aggregate value of $7,016.65; and 175 uncashed checks, with an aggregate value of $58,028.10. Aggregating those funds with the funds previously ordered by the Court to remain in the Net Settlement Funds, there is presently an account balance in the Net Settlement Fund of $188,652.59; and

**WHEREAS**, Class Counsel, in their supporting Declaration, has recommended to the Court that: **(a)** a group of nine individuals or farming entities set forth in Exhibit A to the Class Counsel Declaration, who filed their claim forms after the deadline to file such forms expired – but who each had verifiable justifications for their respective lateness – should have their claims paid in full from the Net Settlement Fund; **(b)** that the *cy pres* distributions described below should be made; and **(c)** that Class Counsel should be paid their final attorneys' fees and out-of-pocket expenses incurred in connection with their settlement administration, supervision, and oversight responsibilities and obligations between April 26, 2006 and the present; and

**WHEREAS**, this Court has duly considered all submissions presented with respect to the foregoing, and good cause appearing,

**THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES, AND DECREES AS FOLLOWS:**

1. This Final Settlement Distribution Order is entered.

2. The Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Claimants fully complied with the notice and administration

6

provisions and the plan of allocation set forth in the Stipulation and as approved by the Court.

**3.** The Court finds that, to date, Class Counsel have fully and properly discharged their duties and responsibilities with respect to the administration, implementation, and oversight of the Settlement.

**4.** The Court finds that the Final Distribution plan proposed by Class Counsel is in the best interests of the Settlement claimants and should be implemented in full. Specifically, pursuant to the Final Distribution, the Court directs Class Counsel:

**(a)** to pay, from the Net Settlement Fund, each of the nine, above-described, late-filing claimants (set forth on the chart appended as Exhibit A to the Class Counsel Declaration), the entire amount(s) of their outstanding claims, less a 25% reduction in each of those claimants' outstanding claim balances to cover administrative fees and expenses incurred in the administration of the Settlement of this action, in the aggregate amount of $17,886.52; and

**(b)** to distribute, from the Net Settlement Fund, *cy pres* awards to the following worthy organizations in the following amounts:

**(i)** $10,000.00 to Sustain USA;

**(ii)** $67,383.21 to Farm Aid;

**(iii)** $33,691.53 to Future Farmers of America; and

**(iv)** $33,691.53 broken down into equal payments to each of the statewide headquarters of the 4H organization in each of the Corn Belt states set forth in the list attached as Exhibit B to the Class Counsel Declaration.

7

(c)     to pay, from the Net Settlement Fund, Class Counsel their final attorneys' fees and out-of-pocket expenses incurred in connection with their settlement administration, supervision, and oversight responsibilities and obligations between April 26, 2006 and the present, in the amounts of $25,000.00 (attorneys' fees) and $1,000.00 (out of pocket expenses).

5.     The Court directs Class Counsel, together with GCG, to continue their administration of the Settlement pursuant to the Stipulation, the Final Order and Judgment, the Settlement Distribution Order, the Secondary Settlement Distribution Order, and this Order.

6.     As previously found in Settlement Distribution Order of September 2, 2004, SLLI and Advanta ("Defendants") have previously paid in full all amounts owed by the Defendants pursuant to the Stipulation and Final Order and Judgment and have no further obligations under the Settlement, including for any amounts or payments set forth in this Order.

7.     All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Settlement Fund are barred from making any further claim against the Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

8.     This Order is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter

8

judgment thereon. Certification under Rule 54(b) of the Federal Rules of Civil Procedure will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action. Even if subsequent appeals are filed, the nature of those claims are such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by the Court in this matter does not affect in any way the finality of this Order.

9. The Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Order and Judgment.

**Dated:** November _____, 2006

_____
JAMES B. MORAN
UNITED STATES DISTRICT JUDGE

10311

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1403 |
| | Judge James B. Moran |
| This Document Relates To: | |
| MARVIN KRAMER, Individually and on behalf of all other individuals and entities similarly situated, <br><br> Plaintiff, <br><br> – against – <br><br> AVENTIS CROPSCIENCE USA HOLDING, INC., <br><br> Defendant. | 1:01 CV 4928 <br> Judge Moran <br><br> Transferred Via MDL No. 1403 <br><br> (Original Case No: C01-0197-MJM (N.D. Iowa)) |
| MITCHELL CORBIN, CLAUDE CORBIN, CORBIN FARMS LLC and CLINT KILLIN, Individually and on behalf of all other individuals and entities similarly situated, <br><br> Plaintiffs, <br><br> – against – <br><br> AVENTIS CROPSCIENCE USA HOLDING, INC., <br><br> Defendant. | 1:01 CV 4928 <br> Judge Moran <br><br> Transferred Via MDL No. 1403 <br><br> (Original Case No: C01-4052-CV-C-5 (N.D. Iowa)) |

**[PROPOSED] FINAL SETTLEMENT DISTRIBUTION ORDER**

| | |
|---|---|
| CHARLES DUPRAZ, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6414<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-4070 (D.S.D.)) |
| WILLIAM FURLONG, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4929<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-0017-MJM (N.D. Iowa)) |
| JEMAR, INC., a Nebraska Corporation, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6413<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 8:01CV138 (D. Neb.)) |
| MARVIN LUIKEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6406<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-00227-MJM (N.D. Iowa)) |

| | |
|---|---|
| KEITH MUDD, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>Defendants. | 1:01 CV 7185<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 01-0196-CV-W-2 (W.D.Mo.)) |
| EDWARD OLSEN and GERALD GREIGER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6412<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: A1-01-32 (D. N.D.)) |
| VERLON PONTO, JON UNTIEDT, and DAVID CHRISTOFFER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6410<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CX-01-50 (D. Minn.)) |
| ALAN ROEBKE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 4930<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: CV-01-428-RHK/JMM (D. Minn.)) |

| | |
|---|---|
| MICA SCHNOEBELEN, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 6407<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: C01-1059-WEB (D. Kan.)) |
| JOSEPH and ARDENE WIRTS, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 2221<br>Judge Moran |
| GORDON STINE, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC. and GARST SEED COMPANY,<br><br>Defendants. | 1:01 CV 7184<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 3:01-106-DRH (S.D. Ill.)) |
| DON SUTTER, Individually and on behalf of all other individuals and entities similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>AVENTIS CROPSCIENCE USA HOLDING, INC.,<br><br>Defendant. | 1:01 CV 7183<br>Judge Moran<br><br>Transferred Via MDL No. 1403<br><br>(Original Case No: 4-01-CV-80128 (S.D. Iowa)) |

BARTT MCCORMACK d/b/a BUFORD STATION
FARMS, Individually and on behalf of all other
individuals and entities similarly situated,

                Plaintiff,

    - against –

AVENTIS CROPSCIENCE USA HOLDING, INC.,

                Defendant.

1:01 CV 8286
Judge Moran

Transferred Via MDL No. 1403

(Original Case No: 101 0083 (M.D.
Tenn.))

## [PROPOSED] FINAL SETTLEMENT DISTRIBUTION ORDER

**WHEREAS**, the above-captioned class action (the "Action") was settled (the
"Settlement") pursuant to the terms and conditions of the Stipulation of Settlement, dated
January 29, 2003 (the "Stipulation"), on behalf of all persons and entities who operated
farms in the United States from which corn grown for grain that was not grown from
StarLink™ corn seed ("Non-StarLink Corn") was harvested since 1998 ("Non-StarLink
Farmers"), including each of his, her, its, and their representatives, assigns, and any other
persons or entities with a contractual, sharing, ownership, or other legal interest in a Non-
StarLink Farmer's corn harvest (the "Class")[1];

---

[1] Excluded from the Class were StarLink Logistics Inc. ("SLLI,") Advanta USA, Inc.
("Advanta"), and any of their respective past, present, or future parents, subsidiaries,
predecessors, successors, partners, assigns, insurers, and affiliates, and each of their
respective past, present, or future partners, officers, directors, or assigns, and the
members of the immediate families, heirs, estates, executors, and legal representatives of
any of the past, present, or future partners, officers, directors, or assigns of SLLI and/or
Advanta, and their respective past, present, or future parents, subsidiaries, predecessors,
successors, partners, assigns, insurers, and affiliates; any governmental entity; and all
plaintiffs in lawsuits arising out of or relating to StarLink corn or Cry9C that were not
brought as purported class actions that were pending as of January 29, 2003.

**WHEREAS**, the Court held a hearing on the fairness of the terms and conditions of the Settlement on April 7, 2003, at which time all Class members were provided with an opportunity to be heard;

**WHEREAS**, in its Final Order and Judgment, the Court approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable, and adequate to the Class and its members and that the notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process;

**WHEREAS**, the Court reserved jurisdiction, without affecting the finality of the Final Judgment, over: **(a)** implementation of the Settlement and any award or distribution of the Gross and Net Settlement Funds, including interest earned or accrued thereon; **(b)** disposition of the Gross Settlement Fund and Net Settlement Fund to effectuate and enforce the provisions of the Settlement Agreement, including the administration of the Settlement and distribution of the proceeds of the Settlement (the "Settlement Fund") to eligible Class members ("Claimants") including, but not limited to, authority to approve final distribution of the Settlement Fund;

**WHEREAS**, plaintiffs' counsel ("Class Counsel") and their Court-approved professional claims administrator, The Garden City Group, Inc. ("GCG"), have now completed all steps required for the administration, review, processing, and validation of claims set forth in the Stipulation, and have calculated, pursuant to the terms of the plan of allocation set forth in the Settlement Agreement and approved by the Court, the number of valid and complete Proofs of Claim forms submitted, and have devised a method for determining the amount to be paid to each Authorized Corn Loss Claimant and each Authorized Property Damage Claimant from the Net Settlement Fund;

2

**WHEREAS**, Class Counsel and GCG have reported to the Court in Class Counsel's Declaration in Support of Entry of the Settlement Distribution Order, dated August 23, 2004, and the Affidavit of Patrick M. Passarella of GCG (the "Passarella Affidavit"), dated August 23, 2004, on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection;

**WHEREAS**, Class Counsel have applied to the Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation;

**WHEREAS**, Class Counsel have applied to the Court for approval of the payment to GCG from the Settlement Fund of its fees and expenses for settlement administration as provided in paragraph 18 of the Stipulation;

**WHEREAS**, Class Counsel have applied to the Court for approval of the payment to Class Counsel from the Settlement Fund of their fees and reimbursement of their expenses incurred in connection with the final approval, supervision, and administration of the Settlement, as provided in paragraph 31 of the Stipulation;

**WHEREAS**, on September 2, 2004, the Court entered the Settlement Distribution Order;

**WHEREAS**, in compliance with the Settlement Distribution Order, between October 28, 2004 and November 3, 2004, Class Counsel effected the distribution of 72,226 Prepaid Visa Direct Cards to eligible Settlement Class claimants, with an aggregate value of $74,696,982.47;

3

**WHEREAS**, as of late May, 2005, there were 6,194 Settlement Class claimants who had received, but who had not yet activated their Prepaid Visa Direct Cards, leaving an aggregate balance on those non-activated cards of $4,169,006. At that time, there were also 34,042 Settlement Class claimants who had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, leaving an aggregate balance on those activated cards of $13,442,671. Moreover, as of late May, 2005, there were also 8,888 Settlement Class members who had activated their Prepaid Visa Direct Cards, who used some of the funds on those cards, and who had card balances of less than $10.00. The aggregate value of the funds remaining on those 8,888 cards was $21,256 – or approximately $2.39 per card;

**WHEREAS**, on June 6, 2005, Class Counsel moved the Court for leave to disseminate a reminder letter to the above-referenced claimants with regard to the October 2005 expiration of the Prepaid Visa Direct Cards;

**WHEREAS**, on June 9, 2005, the Court entered an Order authorizing Class Counsel to withdraw $51,448 from the Settlement Fund for the purpose of having GCG disseminate a reminder letter to those members of the Settlement Class, who, as of the date of that Order: **(a)** had received, but had not yet activated, their Prepaid Visa Direct Cards; or **(b)** had received and activated their Prepaid Visa Direct Cards, but who still had balances on those cards in excess of $10.00, and to provide necessary technical and customer support services in connection therewith;

**WHEREAS**, in compliance with the Court's June 9, 2005 Order, on or about June 22, 2005, GCG mailed 40,236 reminder letters to the above-described claimants;

4

**WHEREAS**, as a result of Class Counsel's ongoing settlement administration efforts – including the dissemination of the Court-Ordered reminder letter – between June 22, 2005, the date upon which the reminder letter was sent, and October 31, 2005, the extended deadline date for the Prepaid Visa Direct Card program, the aggregate outstanding balances on those cards dropped from $17,611,677 to $1,265,085.23;

**WHEREAS**, in light of the conclusion of the initial settlement distribution process in this action, Class Counsel moved the Court for the entry of a Secondary Settlement Distribution Order approving the claims administration processing procedures undertaken by GCG from August 24, 2004 to the entry of said Order; approving the determinations and calculations made by GCG and approved by Class Counsel with respect to the completion of the initial claims distribution process; approving the secondary distribution of the Net Settlement Fund to eligible claiming Class Members as set forth below; and approving the payment of all currently outstanding administrative fees and expenses of GCG and the fees and expenses of Class Counsel incurred for services rendered in conjunction with the final approval, supervision, and administration of the Settlement (including tax payments) from September 1, 2004 through the Secondary Distribution;

**WHEREAS**, on July 6, 2006, the Court entered an Amended Secondary Settlement Distribution Order, in the form appended as Exhibit F to the Declaration of Class Counsel in Support of Entry of Secondary Settlement Distribution Order (the "Class Counsel Declaration:"), filed contemporaneously herewith;

**WHEREAS**, on July 21, 2006, GCG, at Class Counsel's direction and in compliance with the Secondary Distribution Order, mailed a total of 2,786 checks,

5

totaling $837,204.29, to claimants who had balances remaining on their Prepaid Visa Direct Cards in excess of $50.00. At the conclusion of the secondary distribution program, there were 24 undeliverable checks, with an aggregate value of $7,016.65; and 175 uncashed checks, with an aggregate value of $58,028.10. Aggregating those funds with the funds previously ordered by the Court to remain in the Net Settlement Funds, there is presently an account balance in the Net Settlement Fund of $188,652.59; and

**WHEREAS**, Class Counsel, in their supporting Declaration, has recommended to the Court that: **(a)** a group of nine individuals or farming entities set forth in Exhibit A to the Class Counsel Declaration, who filed their claim forms after the deadline to file such forms expired – but who each had verifiable justifications for their respective lateness – should have their claims paid in full from the Net Settlement Fund; **(b)** that the *cy pres* distributions described below should be made; and **(c)** that Class Counsel should be paid their final attorneys' fees and out-of-pocket expenses incurred in connection with their settlement administration, supervision, and oversight responsibilities and obligations between April 26, 2006 and the present; and

**WHEREAS**, this Court has duly considered all submissions presented with respect to the foregoing, and good cause appearing,

**THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES, AND DECREES AS FOLLOWS:**

1.      This Final Settlement Distribution Order is entered.

2.      The Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Claimants fully complied with the notice and administration

6

provisions and the plan of allocation set forth in the Stipulation and as approved by the Court.

3. The Court finds that, to date, Class Counsel have fully and properly discharged their duties and responsibilities with respect to the administration, implementation, and oversight of the Settlement.

4. The Court finds that the Final Distribution plan proposed by Class Counsel is in the best interests of the Settlement claimants and should be implemented in full. Specifically, pursuant to the Final Distribution, the Court directs Class Counsel:

(a) to pay, from the Net Settlement Fund, each of the nine, above-described, late-filing claimants (set forth on the chart appended as Exhibit A to the Class Counsel Declaration), the entire amount(s) of their outstanding claims, less a 25% reduction in each of those claimants' outstanding claim balances to cover administrative fees and expenses incurred in the administration of the Settlement of this action, in the aggregate amount of $17,886.52; and

(b) to distribute, from the Net Settlement Fund, *cy pres* awards to the following worthy organizations in the following amounts:

        (i) $10,000.00 to Sustain USA;

        (ii) $67,383.21 to Farm Aid;

        (iii) $33,691.53 to Future Farmers of America; and

        (iv) $33,691.53 broken down into equal payments to each of the statewide headquarters of the 4H organization in each of the Corn Belt states set forth in the list attached as Exhibit B to the Class Counsel Declaration.

(c)     to pay, from the Net Settlement Fund, Class Counsel their final attorneys' fees and out-of-pocket expenses incurred in connection with their settlement administration, supervision, and oversight responsibilities and obligations between April 26, 2006 and the present, in the amounts of $25,000.00 (attorneys' fees) and $1,000.00 (out of pocket expenses).

5.     The Court directs Class Counsel, together with GCG, to continue their administration of the Settlement pursuant to the Stipulation, the Final Order and Judgment, the Settlement Distribution Order, the Secondary Settlement Distribution Order, and this Order.

6.     As previously found in Settlement Distribution Order of September 2, 2004, SLLI and Advanta ("Defendants") have previously paid in full all amounts owed by the Defendants pursuant to the Stipulation and Final Order and Judgment and have no further obligations under the Settlement, including for any amounts or payments set forth in this Order.

7.     All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Settlement Fund are barred from making any further claim against the Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

8.     This Order is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter

8

judgment thereon. Certification under Rule 54(b) of the Federal Rules of Civil Procedure will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action. Even if subsequent appeals are filed, the nature of those claims are such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by the Court in this matter does not affect in any way the finality of this Order.

9.     The Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Order and Judgment.

**Dated:** November \_\_\_\_, 2006

JAMES B. MORAN
UNITED STATES DISTRICT JUDGE

10311

9